UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES MEAD, III,

    Plaintiff,      Case No. 1:06-CV-127

v      Hon. Gordon J. Quist

SCOTTY MURRELL, et al,

    Defendants.

_____/

**ORDER**

Pending before the court is a motion by the defendants to compel discovery (docket no. 37). At issue is Interrogatory No. 7, which seeks plaintiff's post-accident employment history. The interrogatory was served on plaintiff on September 22, 2006. Plaintiff did not respond to the interrogatory until February 20, 2007, five months later.

Defendants contend that plaintiff's belated answer to this interrogatory was insufficient because it failed to contain information about plaintiff's post-accident employment as a cashier at Hots Bar in Battle Creek, which plaintiff had alluded to during his deposition on October 18, 2006. It also failed to provide other specific information that had been requested.

Plaintiff admits that his answer was untimely. Otherwise, the remainder of plaintiff's answer borders on an affront to the court, since it makes no attempt to respond to defendants'

1

motion.[1]  Rather, plaintiff's counsel improperly attempts to use his response to defendants' motion to provide a litany of his own grievances about defendants' purported shortcomings regarding other discovery.  If plaintiff's counsel believes defendants have not complied with the federal rules pertaining to discovery, those rules provide him a remedy, to-wit, a motion to compel discovery of his own.  He should not waste this court's time, and opposing counsel's time, cluttering up his response to defendants' motion with such irrelevancies.

Clearly, the discovery pertaining to plaintiff's post-accident employment was relevant, and plaintiff has failed to provide it.  His explanation for his failure to do so is evasive and circuitous at best.  At his deposition on October 18, 2006, plaintiff said he had been paid for working a cash register but could not remember the name of the place where he worked.  Following a subsequent inquiry by letter from defendants' counsel, plaintiff's counsel told defendants plaintiff had worked for Hots Bar in Battle Creek as a cashier.  When defendants' counsel thereafter pointed out that Hots Bar had no employment records for plaintiff, plaintiff's counsel responded that the information defendants sought would be "included in [plaintiff's] responses to the interrogatories", which were then pending (and overdue).  See Exhibit F to defendants' motion.  However, when plaintiff did belatedly answer the interrogatory, his answer contained no reference to Hots Bar, but simply said, "Please see my deposition testimony."

---

[1] In responding to defendants' motion to compel, plaintiff states:

"In seeking sanctions, Defendant [sic] argues that Plaintiff's discovery responses were untimely and insufficient.  While the responses were admittedly untimely, they were sufficient."

Plaintiff's brief at 1.  These two sentences are the extent of plaintiff's response to the merits of defendants' motion.

Further, Interrogatory No. 7 requested detailed information regarding any attempt plaintiff had made to secure employment after the accident. But in his response, plaintiff merely stated that he could not obtain his old job at Pinkerton's Security, nor obtain employment at fast food restaurants "such as Burger King and Kentucky Friend Chicken." Plaintiff gave none of the requested underlying factual information to support this answer, and of course nothing pertaining to Hots Bar.

For the reasons stated, defendants' motion to compel plaintiff to properly respond to defendants' Interrogatory No. 7 is GRANTED, and plaintiff shall provide the specific information sought by the interrogatory within 10 days of the date of this order, and in particular all information pertaining to Hots Bar. There being no explanation offered as to why this untimely interrogatory answer was incomplete, defendants are justified in seeking their costs and attorneys fees in bringing this motion. Rule 37(a), F.R.C.P. Accordingly, within 20 days of the date of this order, plaintiff shall pay to defendants the amount of $1,000.00 to cover the same; provided, however, that if either side believes this amount to be inappropriate, they shall so notify the other side within 10 days of the date of this order. In that instance, defendants shall within 14 days after such notice, file an affidavit and any supporting documentation justifying whatever costs and fees they believe were reasonably incurred in bringing this motion, whether it is more or less than the amount set forth above. Upon receipt of this affidavit, plaintiff shall have 14 days to file an appropriate response. The court will resolve the issue of costs and fees on the papers submitted by the parties, but reserves the right to hold a further hearing if necessary.

Defendants have also filed a motion for leave to file a reply brief (docket no. 44) pointing out the inadequacy of plaintiff's response to their motion to compel, and defending their

3

own actions in regard to allegations by plaintiff's counsel that they were also dilatory in providing discovery.

The inadequacy of plaintiff's response to defendants' motion to compel is manifest. No further reply brief is needed to point this out. Moreover, plaintiff does not have any motion pending before this court regarding defendants' purported failure to comply with discovery, and therefore no response by defendants in this regard is necessary at this time. Accordingly, defendants' motion for leave to file a reply brief (docket no. 44) is DENIED.

IT IS SO ORDERED.


Entered: June 28, 2007                    /s/ Hugh W. Brenneman, Jr.
                                          HUGH W. BRENNEMAN, JR.
                                          United States Magistrate Judge